UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PHILIP GRANT,

                          Plaintiff,        **REPORT AND RECOMMENDATION**
                                           **08 CV 100 (NGG) (LB)**

-against-

AURORA LOAN SERVICES; ROSICKI,
ROSICKI & ASSOCIATES; and LEHMAN
BROTHERS BANK,

                          Defendants.

----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiff filed this *pro se* action against defendants Aurora Loan Services ("Aurora"), Rosicki, Rosicki & Associates ("Rosicki"), and Lehman Brothers Bank ("Lehman") alleging that defendants violated his rights under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1691 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.* It is respectfully recommended that the Court dismiss the complaint as to Lehman without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 4(m).

Plaintiff initiated this action on January 4, 2008. By Order dated January 14, 2008, the Court granted plaintiff's application to proceed *in forma pauperis* and directed the United States Marshals Service ("USMS") to serve the summons and complaint upon defendants without the prepayment of fees. Document 4. Summonses were issued on January 16, 2008; Rosicki and Aurora were served on February 22, 2008 and February 27, 2008, respectively. Documents 5, 8.

On June 30, 2008, the summons was returned unexecuted as to Lehman Brothers Bank.

Document 25. The process receipt filed with the Court states, "Lehman Bros does not accept[] service at that location. They advise posting process to: 1000 West St. 1st Floor Willmington, Del. 19808." Id. Consequently, the USMS attempted service at this Delaware address on April 29, 2008; however, again, service was returned unexecuted on June 26, 2008. Id. Consequently, the Court directed plaintiff by Order dated July 3, 2008, to use his "own resources to investigate defendant Lehman's proper service address and provide that address to the Court." Document 26. The Court warned plaintiff that if he "does not provide a proper service address for Lehman by August 4, 2008, plaintiff's complaint against Lehman will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." Id. By letter dated August 11, 2008, plaintiff informs the Court that he is in the process of retaining a process server to effect service on Lehman. Document 42. However, no proof of service on Lehman has been filed.

Fed. R. Civ. P. 4(m) provides,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, plaintiff filed his complaint on January 4, 2008, and service should have been made by May 4, 2008. The Court extended plaintiff's time to serve Lehman by 90 days, and plaintiff has still failed to serve Lehman. Plaintiff has not shown good cause for the failure to serve this defendant. Therefore, it is recommended that this action should be dismissed against Lehman without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 4(m).

# FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 5, 2008
       Brooklyn, New York