UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PHILIP GRANT,

                Plaintiff,

-against-

AURORA LOAN SERVICES, ROSICKI,
ROSICKI & ASSOCIATES, and LEHMAN
BROTHERS BANK,

                Defendants.
--------------------------------------------------------X

ORDER

08-CV-100 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff pro se Philip Grant ("Grant") brings this action against Aurora Loan Services ("Aurora") and Rosicki, Rosicki & Associates ("Rosicki") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq.[1]

For the reasons stated below, the Complaint is dismissed as against Aurora. Grant is granted until October 15, 2008 to amend his FDCPA claim against Rosicki.

I.     **FACTUAL BACKGROUND**

On May 29, 2008, the Honorable Karen B. Rothenburg, Supreme Court of the State of

---

[1] On September 18, 2008, Plaintiff's Complaint was dismissed as against Defendant Lehman Brothers Bank pursuant to Fed. R. Civ. P. 4(m).

1

New York in Kings County, issued an opinion in a foreclosure action initiated by Aurora against Grant in which she denied Grant's motion for summary judgment and granted Aurora's cross-motion in its entirety. Among the claims she rejected were FDCPA, FCRA, and RESPA claims put forth by Grant as affirmative defenses, as well as numerous other counterclaims and affirmative defenses.

Grant now brings claims similar to those he brought against Aurora in the state court against Aurora and Rosicki.

## II. DISCUSSION

### A. Grant's Claims Against Aurora

Grant's claims against Aurora must be dismissed under the doctrine of res judicata. "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Sosa v. J.P. Morgan Chase Bank, 33 A.D.3d 609 (N.Y. App. Div. 2006). Justice Rothenburg's grant of Aurora's motion for summary judgment was a decision on the merits that operates as a final conclusion, and so Grant is now barred from bringing his FDCPA, FCRA, and RESPA claims against Aurora, all of which arise out of the transaction between Aurora and Grant that was at issue in the state court action. See Yeiser v. GMAC Mortg. Corp., 535 F.Supp. 2d 413, 422 (S.D.N.Y. 2008). All of Grant's claims against Aurora are therefore dismissed with prejudice.

### B. Grant's Claims Against Rosicki

Grant alleges in his Complaint that from August through December 2006, Defendants Rosicki and Aurora repeatedly telephoned him between 6 A.M. and 8 A.M. in order to collect a

2

debt. They continued to telephone him for this purpose even after he notified them in writing in September 2006 that no debt was owed. Defendants Rosicki and Aurora also contacted various third parties and told them that Grant owed them money. In November 2006, Defendants Rosicki and Aurora commenced a foreclosure action against Grant with the intent to annoy, abuse, or harass him.

### B. Defendant's Statute of Limitations Argument

Defendant Rosicki argues that Grant's claim under the FDCPA is time-barred by the FDCPA's one-year statute of limitations. Section 1692K(d) of Title 15 provides that an action may be brought under the FDCPA "within one year from the date on which the violation occurs."

Grant filed his action on January 4, 2008, more than one year after December 2006, the last date on which he contends that Defendants Rosicki and Aurora telephoned him to collect a debt or otherwise committed any action violative of the FDCPA. Therefore, taking Grant's allegations as true, his FDCPA claim against Rosicki should be dismissed as untimely. See Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704 (2d Cir. 2002) (finding action untimely based on allegations in complaint, and dismissing under Fed. R. Civ. P. 12(b)(6)).

Grant argues that his FDCPA claim cannot be dismissed unless Defendants can prove that all of their actions occurred outside the limitations period. In fact, to defeat a 12(b)(6) motion to dismiss on timeliness grounds, the *plaintiff* must "allege facts that could bring his claims within the applicable statutes of limitations." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). As discussed above, Grant's allegations are insufficient to bring his claims within the FDCPA's one-year limitation period.

Grant also makes a curious argument that his FDCPA claim is timely because it relates

3

back to an answer he filed in a related proceeding in state court. Fed. R. Civ. P. 15(c)(1), which Grant appears to be alluding to, provides that an "amendment to a pleading relates back to the date of the original pleading" in certain circumstances. This rule applies to render an amended complaint timely to the extent the amendment, if it had been included in the original complaint, would have been timely. It cannot, however, be used to relate a complaint in federal court to a pleading filed in a different action in a different jurisdiction. See, e.g., Slayton v. Amer. Express Co., 460 F.3d 215, 228 (2d Cir. 2006).

Finally, Grant asks the court for leave to amend his complaint to add certain claims regarding conduct that occurred within the one-year limitations period of the FDCPA, relating to Aurora's filing of a second foreclosure action against him in state court on November 27, 2007.

Leave to amend may properly be denied for "bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Rosicki argues that any amendment would be futile on grounds of res judicata, and so leave to amend should be denied. Res judicata, however, only bars relitigation between the same parties involved in the previous litigation, and parties in privity with them. See Yeiser, 535 F.Supp. 2d at 423. Rosicki, however, was not a party to the state court decision that it wishes to rely on, and so res judicata should not bar Grant's proposed amended complaint. Likewise, any amendment would not be futile on grounds of collateral estoppel, because the issues raised in the state court order are different from those raised by Grant's proposed amended complaint. See id. at 424 (collateral estoppel precludes a party from trying to relitigate an issue

4

that was necessarily decided in the prior action). The Supreme Court order on which Rosicki relies only concluded that *Aurora* had not violated the FDCPA, a completely separate question from whether Rosicki violated the FDCPA. In fact, the Supreme Court struck Grant's FDCPA affirmative defense because "the act does not generally apply to a creditor seeking to enforce a contract." (May 29, 2008 Order, Index No. 43363/07 at 12.) This ruling clearly only applies to Aurora, as only Aurora, not Rosicki, was Grant's creditor.

As Rosicki has not shown why either res judicata or collateral estoppel should bar Grant's proposed amended complaint, Grant is granted until October 15, 2008 to amend his Complaint to add allegations relating to his FDCPA claim against Rosicki.

## IV.  CONCLUSION

For the reasons stated above, Grant is granted until October 15, 2008 to amend his FCDPA claim against Rosicki. Grant's claims against Aurora are dismissed with prejudice.

SO ORDERED.

Dated: September 23, 2008
Brooklyn, N.Y.

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

5