UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHILIP GRANT,

                                     Plaintiff,

                                   -against-

AURORA LOAN SERVICES; ROSICKI,
ROSICKI & ASSOCIATES; and LEHMAN
BROTHERS BANK,

                                   Defendants.

**ORDER**
**08-CV-0100 (NGG)(LB)**

------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On September 18, 2008, this court adopted the Report and Recommendation ("R&R") of Magistrate Judge Lois Bloom and dismissed without prejudice pro se Plaintiff Philip Grant's Complaint against Defendant Lehman Brothers for failure to comply with Federal Rule of Civil Procedure 4(m). (See Memorandum & Order dated Sept. 18, 2008 (Docket Entry # 46) ("September 18 M&O").) On September 23, 2008, the court dismissed Plaintiff's claims against Defendant Aurora Loan Services ("Aurora") on res judicata grounds, and dismissed Plaintiff's claims against Defendant Rosicki, Rosicki & Associates ("Rosicki") on statute of limitations grounds. (See Memorandum & Order dated Sept. 23, 2008 (Docket Entry # 47) ("September 23 M&O").) The court allowed Plaintiff until October 15, 2008 to amend his Complaint with respect to Rosicki to add any allegations that might bring it within the statute of limitations. (Id.)

Plaintiff did not seek to amend his Complaint, but, instead, on October 17, 2008, sought reconsideration of the September 18 M&O and the September 23 M&O under Federal Rule of Civil Procedure 60. (Plaintiff's Affidavit dated October 17, 2008 (Docket Entry # 50) ("Pl.

1

Aff.").) He also appealed this court's rulings. (See Docket Entry # 49.) Regarding the September 18 M&O, Plaintiff has argued that the court overlooked filings and arguments he made in opposition to dismissal. (Pl. Aff. ¶¶ 3-9.)[1] Regarding the September 23 M&O, he has argued that the court erroneously concluded that the May 29, 2008 state court decision relied on in its res judicata determination was not "on the merits." (Id. ¶¶ 10-20.)

The court denies Plaintiff's Motion for Reconsideration. With respect to the September 18 M&O, this court already considered Plaintiff's objections to Judge Bloom's R&R and concluded that dismissal was appropriate. With respect to the September 23 M&O, the court similarly considered Plaintiff's filings and the relevant state court order in concluding that application of res judicata was appropriate. Plaintiff has the right to appeal these decisions—and he has done so—but his Motion for Reconsideration presents no information that would lead this court to revisit them. Plaintiff restates arguments already made or offers new arguments that he unjustifiably failed to make in his objections and briefing before this court. "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Maloney v. County of Nassau, No. 03-CV-4178 (SLT)(MLO), 2009 WL 922064, at *6 (E.D.N.Y. Mar. 31, 2009) (quoting Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429(RJS), 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

---

[1] Plaintiff has also argued that he suffered a heart attack which prevented him from timely complying with Judge Bloom's order to timely serve Defendant Lehman Brothers. (Id. ¶ 5.) The evidence submitted, however, indicates that he was treated for Coronary Artery Disease in September 2008 (Exhibit to Plaintiff's Objections to R&R (Docket Entry # 45)), but that service on Lehman Brothers was due at the beginning of August 2008 (Order dated July, 3 2008 (Docket Entry # 26)).

2

Accordingly, Plaintiff's Motion for Reconsideration is DENIED. Furthermore, since Plaintiff has failed to amend his Complaint pursuant to the court's September 23 M&O, the court directs the Clerk of Court to enter judgment dismissing the case and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 18, 2009

/s/ NICHOLAS G. GARAUFIS
United States District Judge